IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY DEAN PETERSON,

        Petitioner,

   v.

KEN CLARK, Warden,

        Respondent.

_____/

No. C 07-04069 CW (PR)

ORDER DENYING MOTION TO
DISMISS; STAYING HABEAS
PROCEEDINGS; DIRECTING
PETITIONER TO FILE QUARTERLY
STATUS REPORTS; AND DIRECTING
CLERK TO CLOSE THIS CASE
ADMINISTRATIVELY UNTIL THE
COURT ISSUES ORDER LIFTING STAY

(Docket no. 5)

INTRODUCTION

On August 8, 2007, Petitioner Larry Peterson, a state prisoner incarcerated at the California State Prison - Corcoran, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 8, 2008, Respondent Ken Clark filed a motion to dismiss for untimeliness.  Petitioner filed an opposition on May 12, 2008.  Respondent filed a reply on October 14, 2008.  For the reasons set forth below, the Court DENIES Respondent's motion to dismiss.

BACKGROUND

In 2004, following a jury trial, Petitioner was convicted of two counts of lewd acts on children under the age of fourteen.  The trial court also found a prior attempted kidnaping conviction and certain criminal allegations against Petitioner to be true.  He was sentenced to twenty-one years to life imprisonment.

Petitioner challenged his conviction in the California Court of Appeal where it was affirmed on June 16, 2005.  (Resp't Ex. A.)

On July 22, 2005, Petitioner filed a petition for review in the California Supreme Court.[1]  This petition was denied on August 24, 2005.  (Resp't Ex. C.)  However, Petitioner claims that he never received a copy of the state supreme court's decision; thus, he was unaware that his petition for review had been denied on August 24, 2005.  (Opp'n at 1.)  According to Petitioner, "[a]fter recovering from a heart attack, [he] made several attempts to find out the status of [his] appeal."[2]  (Id.)

On December 8, 2005, Petitioner wrote a letter to his appellate counsel inquiring about the status of his petition for review.  (Pet'r Ex. I.)  He claims he wrote two additional letters to his appellate counsel; however, he does not specify when he sent those letters.  (Opp'n at 1.)  On September 9, 2006, Petitioner received his appellate counsel's response, stating:

> I am very sorry to inform you that the California Supreme Court has denied review of your case.  There is nothing more than can be done for you within the state court system, and my scope of appointment is now at an end.  I am sincerely sorry that I could not be more of assistance.  I hope you have recovered well from your heart surgery.

(Opp'n at 2; Pet'r Ex. II.)  Petitioner claims that he assumed that the state supreme court denied his petition for review on September 1, 2006, the date of his appellate counsel's letter.  (Opp'n at 2.) Petitioner thereafter requested his trial records and transcripts

---

[1] The California Supreme Court's official website shows that the petition for review was filed on July 22, 2005.  The Court notes that Respondent cited an incorrect filing date of July 25, 2005. (Resp't Ex. B.)

[2] Nowhere in the record does Petitioner elaborate on when his alleged heart attack occurred or how long it took for him to recover.

United States District Court
For the Northern District of California

from his appellate counsel.  (Id.)  Instead of the requested case files, his appellate counsel sent him a box of blank civil forms on January 23, 2007.  (Id.)  On February 21, 2007, Petitioner sent another letter to his appellate counsel requesting his case files. (Pet'r Ex. IV.)  He also filed a motion in the Contra Costa County Superior Court to obtain his trial records and transcripts, which was denied on March 8, 2007.  (Id.)  On June 3, 2007, Petitioner sent a third written request to his appellate counsel for his case files.  (Id.)

On August 8, 2007, Petitioner filed the present petition for a writ of habeas corpus.  Petitioner's claims include: (1) ineffective assistance of trial counsel who failed to contact critical defense witnesses and advised Petitioner to waive his constitutional rights without informing him of the consequences of doing so; (2) prosecutorial misconduct in presenting false witnesses at trial; (3) the prosecution's failure to disclose a promise of leniency made to a key witness; (4) the prosecution's failure to disclose impeachment evidence and other information material to Petitioner's defense; (5) a sentence, twenty-one years to life, grossly disproportionate to the crime charged; (6) instructional errors to the jury; and (7) additional claims of ineffective assistance of trial and appellate counsel.  (Pet. at 8-15.)  Petitioner also alleges that he has been denied his trial records and transcripts.  (Id. at 15.)  He requests leave to amend his petition with regard to his additional claims of ineffective assistance of counsel, and he also requests appointment of counsel, given his difficulty in obtaining his case files.  (Id.)

3

**United States District Court**
For the Northern District of California

DISCUSSION

I.   Motion to Dismiss

The Antiterrorism and Effective Death Penalty Act (AEDPA)
became law on April 24, 1996 and imposed for the first time a
statute of limitations on petitions for a writ of habeas corpus
filed by state prisoners.  Petitions filed by prisoners challenging
non-capital state convictions or sentences must be filed within one
year of the latest date on which: (A) the judgment became final
after the conclusion of direct review or the time passed for
seeking direct review; (B) an impediment to filing an application
created by unconstitutional state action was removed, if such
action prevented the petitioner from filing; (C) the constitutional
right asserted was recognized by the Supreme Court, if the right
was newly recognized by the Supreme Court and made retroactive to
cases on collateral review; or (D) the factual predicate of the
claim could have been discovered through the exercise of due
diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  However, "[t]he time
during which a properly filed application for state post-conviction
or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of
limitation."  Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24,
1996, such as Petitioner, must satisfy the AEDPA statute of
limitations.  See Calderon v. United States Dist. Court (Beeler),
128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other
grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d
530 (9th Cir. 1998) (en banc).

4

"Direct review" within the meaning of the statute includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not.  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, the California Supreme Court denied review on August 24, 2005.  The judgment became final for purposes of the AEDPA statute of limitations ninety days later, on November 22, 2005.  <u>See</u> <u>id.</u>  The one-year limitations period, therefore, began to run on that date.  Accordingly, Petitioner was required to file a federal habeas corpus petition no later than November 22, 2006.  <u>See</u> 28 U.S.C. § 2244(d).  Because he did not file the present federal habeas corpus petition until August 8, 2007 -- more than eight months after the statute of limitations had expired -- the petition is untimely unless he can show that he is entitled to tolling.

There is no statutory tolling under 28 U.S.C. § 2244(d)(2) in this case because Petitioner did not file any state post-conviction or collateral petitions.  <u>See</u> 28 U.S.C. § 2244(d)(2).  However, the one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  <u>See</u> <u>Beeler</u>, 128 F.3d at 1288.  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it

United States District Court
For the Northern District of California

impossible to file a petition on time." <u>Beeler</u>, 128 F.3d at 1288
(citation omitted).  The prisoner must show that "the
'extraordinary circumstances' were the cause of his untimeliness."
<u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (citations
omitted).  Another statement of the standard is that a litigant
seeking equitable tolling bears the burden of establishing two
elements: "(1) that he has been pursuing his rights diligently, and
(2) that some extraordinary circumstance stood in his way,"
preventing timely filing.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418
(2005).

The Ninth Circuit has said that the petitioner "bears the
burden of showing that this extraordinary exclusion should apply to
him." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002).
Indeed, "'the threshold necessary to trigger equitable tolling
[under AEDPA] is very high, lest the exceptions swallow the rule.'"
<u>Id.</u> at 1066 (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010
(7th Cir.), <u>cert. denied</u>, 531 U.S. 878 (2000)).

The grounds for granting equitable tolling are "highly fact
dependant." <u>Lott v. Mueller</u>, 304 F.3d 918, 923 (9th Cir. 2002).
Where a prisoner fails to show "any causal connection" between the
grounds upon which he asserts a right to equitable tolling and his
inability to file a timely federal habeas application, the
equitable tolling claim will be denied.  <u>Gaston v. Palmer</u>, 417 F.3d
1030, 1034-35 (9th Cir. 2005), <u>amended</u>, 447 F.3d 1165 (9th Cir.
2006).

However, "[r]ather than let procedural uncertainties
unreasonably snuff out a constitutional claim, the issue of when
grave difficulty merges literally into 'impossibility' should be

resolved in [a petitioner's] favor." <u>Lott</u>, 304 F.3d at 920.  When a prisoner is proceeding <u>pro se</u>, his allegations regarding diligence in filing a federal petition on time must be construed liberally.  <u>Roy v. Lampert</u>, 465 F.3d 964, 970 (9th Cir. 2006).

The Ninth Circuit has held that a <u>pro se</u> petitioner's inability to access information about the statute of limitations deadline, when combined with his lack of knowledge of the deadline, constitutes an "extraordinary circumstance" that warrants equitable tolling, provided the petitioner acted with due diligence.  <u>Id.</u> at 973-74.

Petitioner's reference to his heart attack may be a request for equitable tolling while his medical condition precluded him from exercising due diligence in filing his federal habeas petition on time.  (Opp'n at 1.)  Further, Petitioner argues that he is entitled to equitable tolling until September 9, 2006, when he became aware of the denial of his petition for review, because his appellate lawyer failed promptly to notify him of the finality of his direct appeal.  (<u>Id.</u> at 1-2.)  However, even if neither of these arguments justifies equitable tolling, Petitioner is entitled to equitable tolling beginning on September 9, 2006, and his federal petition is timely for the reasons set forth below.

Petitioner argues that he is entitled to equitable tolling from September 9, 2006, when he became aware of the state supreme court's denial of his petition for review, to August 8, 2007, when he filed the present federal habeas corpus petition, because his appellate counsel failed to give him his trial records and transcripts, despite his repeated requests for them.  (Opp'n at 2.)  Indeed, he states that, at the time of the writing of his

United States District Court

For the Northern District of California

opposition, his appellate counsel "has yet to provide the records and transcripts that [he] requested." (<u>Id.</u>)

A habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting <u>Spitsyn</u>, 345 F.3d at 801). Therefore, Petitioner's lack of access to his trial records and transcripts constitutes an extraordinary circumstance sufficient to warrant equitable tolling. <u>See</u> <u>id.</u> (equitable tolling warranted during inmate's eleven-month stay in administrative segregation because he was denied access to legal papers despite his repeated requests for them); <u>see</u> <u>also</u> <u>Lott v. Mueller</u>, 304 F.3d 918, 921-24 (9th Cir. 2002) (granting habeas petitioner equitable tolling for eighty-two days he was deprived of his legal materials due to two temporary transfers, despite the fact that petitioner received materials shortly before the limitation period was to expire).

The record shows that Petitioner acted diligently from the time he learned that his petition for review had been denied, at which point the statute of limitations had not yet run, until the time he filed his federal petition. Immediately after being informed of the California Supreme Court's denial of his petition for review, Petitioner sought to obtain his case files from his appellate counsel. (Opp'n at 2.) However, his counsel sent a box of blank civil forms instead of the requested case files. (<u>Id.</u>) Petitioner made two additional written requests for his case files, but to no avail. (<u>Id.</u>) Petitioner still did not have access to his legal materials at the time he filed his federal habeas corpus

United States District Court
For the Northern District of California

petition, and at the time he wrote his opposition to Respondent's Motion to Dismiss.  (Id.)  Petitioner's untimeliness did not stem from his lack of diligence, but from his inability to obtain his case files.  When his appellate counsel was unresponsive to his multiple requests for his case files, Petitioner turned to alternative means.  He filed a motion in the Contra Costa County Superior Court requesting his case records and transcripts, but it was denied. (Pet'r Ex. IV.)

Believing that the state supreme court's denial was issued on September 1, 2006, Petitioner apparently thought the one-year limitation period began running on that date.  He filed the present federal petition less than a year later, presumably because he was attempting to file a timely petition.  Furthermore, he has requested the right to amend the petition because he needs his case files adequately to assert his additional claims of ineffective assistance of counsel.  Under Roy, Petitioner's allegations regarding diligence must be construed liberally.  465 F.3d at 970. Therefore, the Court finds that Petitioner acted with due diligence and is entitled to equitable tolling for the eleven months during which he could not obtain his case files.

In sum, the limitations period started to run on November 22, 2005.  Ten months later, on September 9, 2006, Petitioner learned of the California Supreme Court's denial of his petition for review and diligently started to pursue his claims.  The limitations period is equitably tolled from September 9, 2006, through August 8, 2007, when Petitioner filed his federal petition.  Because only ten months elapsed between November 22, 2005 and September 9, 2006, the present petition is timely filed.

9

**United States District Court**
For the Northern District of California

1    Accordingly, the Court DENIES Respondent's motion to dismiss

2    the federal petition as untimely.

3    II.  Mixed Petition

4        In the present case, the Court notes that some of Petitioner's

5    claims are unexhausted because they were not included in his

6    petition for review to the California Supreme Court.  (Resp't, Ex.

7    B.)  Moreover, Petitioner concedes that he has failed to exhaust

8    his additional claims of ineffective assistance of counsel because,

9    as mentioned above, he needs his case files to pursue these claims.

10   Therefore, this action must be dismissed as a mixed petition under

11   Rose v. Lundy, 455 U.S. 509, 510 (1982).

12

13       Prisoners in state custody who wish to challenge in federal

14   habeas proceedings either the fact or length of their confinement

15   are first required to exhaust state judicial remedies by presenting

16   the highest state court available with a fair opportunity to rule

17   on the merits of each and every claim they seek to raise in federal

18   court.  See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16.  If

19   available state remedies have not been exhausted as to all claims,

20   the district court must dismiss the petition.  Id. at 510; Guizar

21   v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  A dismissal solely

22   for failure to exhaust is not a bar to returning to federal court

23   after exhausting available state remedies.  See Trimble v. City of

24   Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

25       Petitioner requests that he be permitted to amend his

26   ineffective assistance of counsel claim because he has not received

27   his case files.  In light of Petitioner's difficulty in obtaining

28   his case files despite his diligent efforts toward that end, and

10

the fact that the present petition has been found to be timely, the Court construes his request as a motion to stay these proceedings in order to obtain his case files, amend his claim, and return to state court to exhaust the unexhausted claims.

A petitioner may seek a stay of a petition pursuant to <u>Pace</u>, 544 U.S. at 416, under which he may file a protective petition in federal court and ask the court to stay federal habeas proceedings until all state remedies are exhausted.  District courts have the authority to issue stays, and the habeas statute does not deprive them of that authority.  <u>Rhines v. Weber</u>, 544 U.S. 269, 277-278 (2005).  A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious.  <u>Id.</u>; <u>see also</u> <u>Pace</u>, 544 U.S. at 416.  However, a district court must deny a petitioner a stay if the unexhausted claims are "plainly meritless."  <u>Rhines</u>, 544 U.S. at 277.

Here, it appears that good cause exists for Petitioner's failure to exhaust his claims on direct appeal, because his claims could be raised by way of state habeas corpus.  This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes.  <u>See</u> <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under section 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or

11

United States District Court
For the Northern District of California

that the request is an abuse of the writ).  While Petitioner is
unable to assert the basis for his additional claims of ineffective
assistance of counsel given his lack of access to his case files,
the Court finds that these claims are not "plainly meritless."  See
Rhines, 544 U.S. at 277.  The phrase "plainly meritless" suggests
that it applies to an issue which, on its face, clearly cannot
succeed.  For instance, claims involving only questions of state
law cannot be grounds for federal habeas relief.  In contrast,
ineffective assistance of counsel claims are potentially
meritorious given their constitutional dimension.  Accordingly, the
Court GRANTS Petitioner's request for a stay.

III. Motion for Appointment of Counsel

     Petitioner requests appointment of counsel to help him pursue
his claims in federal court in light of his difficulty in obtaining
his case files.  (Pet. at 15.)

     The Sixth Amendment right to counsel does not apply in habeas
corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th
Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes
a district court to appoint counsel to represent a habeas
petitioner whenever "the court determines that the interests of
justice so require" and such person is financially unable to obtain
representation.  The decision to appoint counsel is within the
discretion of the district court.  See Chaney v. Lewis, 801 F.2d
1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v.
Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made
appointment of counsel the exception rather than the rule by
limiting it to: (1) capital cases; (2) cases that turn on

12

United States District Court
For the Northern District of California

substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case.  Petitioner's claims are typical claims that arise in criminal appeals of non-capital convictions and are not especially complex.  This is not an exceptional case that would warrant representation on federal habeas review.  Therefore, Petitioner's motion for appointment of counsel is DENIED.

This denial is without prejudice to reconsideration should the Court on its own motion find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims. Moreover, Petitioner is not precluded from renewing this motion after he has examined his files and formulated his claims.

IV.  Production of Petitioner's Case Files

Petitioner's request for appointment of counsel and his request for leave to amend his claims were prompted by his difficulty in obtaining his case files.  Petitioner alleges that

United States District Court
For the Northern District of California

the trial records and transcripts are necessary to develop his additional claims of ineffective assistance of trial and appellate counsel.  (Pet. at 15.)

Petitioner states that his case files remain in the possession of his appellate counsel, V. Elizabeth Grayson, and that he sent letters to Ms. Grayson asking for his case files, but she sent a box of blank civil forms instead.  (Opp'n at 1.)  Petitioner unsuccessfully sought to obtain the files by filing a motion with the superior court requesting these files.  (Pet'r Ex. I.)  Rule 3-500 of the California Rules of Professional Conduct states that an attorney's duty to his client includes "promptly complying with reasonable requests for information and copies of significant documents . . . ."  Cal. R. Prof. Conduct 3-500.  Thus, Petitioner is entitled to have access to his case files.  Accordingly, the Court orders Ms. Grayson promptly to provide Petitioner with his case files, and to certify to this Court that she has done so.

CONCLUSION

For the foregoing reasons,

1.   The Court DENIES Respondent's motion to dismiss (docket no. 5).

2.   Petitioner's request to amend the petition is construed as a motion for a stay, which is GRANTED.  These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies.  Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted.  He must file quarterly reports describing the progress of his state court

14

proceedings, commencing <u>thirty (30) days</u> from the date of this Order and continuing every <u>ninety (90) days</u> thereafter until his state court proceedings are terminated.  He must also attach to his status reports copies of the cover page of any document that he files with or receives from the California Supreme Court relating to the claims.

3.   The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  Nothing further will take place in this action until Petitioner receives a final decision from the California Supreme Court and, within <u>thirty (30) days</u> of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

4.   Petitioner's motion for appointment of counsel is DENIED.

5.   Petitioner's appellate counsel is ordered to produce his case files.  The Clerk of the Court is directed to send a copy of this Order to:  Ms. V. Elizabeth Grayson, Esq., 270 Ninth Avenue, San Francisco, California 94118.  Ms. Grayson shall comply with this Order by mailing Petitioner his case files within <u>thirty (30) days</u> of the date of this Order, and certify to the Court that she has done so.  If Ms. Grayson is unable to do so, she shall submit an explanation to the Court within the thirty-day deadline.

6.   This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED: 3/10/09

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY D PETERSON,

                Plaintiff,

    v.

KEN CLARK et al,

                Defendant.

_____/

Case Number: CV07-04069 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Dean Peterson V-22444

Substance Abuse Treatment Facility

E5-129u

P.O. Box 7100

Corcoran,  CA 93212

Sharon R. Wooden

CA Attorney General's Office

455 Golden Gate Ave.

Suite 11000

San Francisco,  CA 94102-7004

Ms. V. Elizabeth Grayson, Esq.

270 Ninth Avenue

San Francisco, CA  94118

Dated: March 10, 2009

                                Richard W. Wieking, Clerk

                                By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California