1

2

3

4                    UNITED STATES DISTRICT COURT

5                 NORTHERN DISTRICT OF CALIFORNIA

6

7   LARRY DEAN PETERSON,              Case No.  07-cv-04069-CW

8           Petitioner,               ORDER DIRECTING PETITIONER TO
                                       FILE STATE EXHAUSTION PETITION
9       v.                            OR TO PROCEED WITH EXHAUSTED
                                       CLAIMS
10  KEN CLARK,

11          Respondent.

12

13      On August 8, 2007, Petitioner Larry Peterson, a state

14  prisoner, filed a pro se petition for a writ of habeas corpus

15  pursuant to 28 U.S.C. § 2254.  On March 10, 2009, the Court

16  issued an order granting Petitioner's request to stay his

17  petition and administratively closed the case so that he could

18  exhaust his unexhausted ineffective assistance of counsel claims

19  in state court.  See Doc. no. 12 at 10-12.  In his motion,

20  Petitioner stated that he could not file a state habeas petition

21  because his appellate counsel had not returned his case files to

22  him.  In the March 10, 2009 Order, the Court ordered Petitioner's

23  appellate counsel to deliver Petitioner's case files to him.

24      Petitioner filed quarterly status reports indicating that he

25  could not file his state habeas petition because his attorney

26  failed to return his case files to him.  On October 25, 2010,

27  Petitioner's attorney filed a declaration stating that she had

28  returned all of Petitioner's files to him, with the exception of

United States District Court
Northern District of California

audio tapes that the prison considers to be contraband. <u>See</u> Doc. no. 23. However, in his quarterly status reports, Petitioner continues to indicate that he has not received all of his case files and, for this reason, he has not yet filed a state petition. <u>See e.g.</u>, Doc. no. 36, Petitioner's October 15, 2014 Status Report.

This case has been stayed for over five years and cannot be stayed indefinitely. The Court will continue the stay for sixty additional days. Petitioner must file his state court exhaustion petition within sixty days from the date of this Order. Petitioner must file his state court petition as best he can with the information in his possession and the information he can remember. In his state petition, he may include an explanation about what information he does not have and why he thinks it would help him. He also may ask the state court to provide him with the records he needs. On the same date Petitioner files his state petition, he must file a declaration with this Court indicating he has done so.

Alternatively, Petitioner has the option of dismissing his unexhausted claims and proceeding with the claims that are exhausted. If Petitioner chooses this option, within twenty-eight days from the date of this Order he must file a motion to reopen his case, dismiss his unexhausted claims and proceed with his exhausted claims. If Petitioner's petition includes exhausted and unexhausted claims, he must file a motion to file an amended petition with a proposed amended petition that includes only exhausted claims.

If Petitioner does not file a motion to reopen his case or a

United States District Court
Northern District of California

declaration indicating he has filed his state petition within the

aforementioned deadlines, this case shall be dismissed without

prejudice for failure to prosecute.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Petitioner must choose one of these two options:

(1) within twenty eight days from the date of this Order, he may

file a motion to reopen his case, dismiss his unexhausted claims

and proceed with his exhausted claims; or (2) within sixty days

from the date of this Order, he may file a state court exhaustion

petition and file a declaration with this Court indicating that

he has done so.  If Petitioner files a state petition, he must

continue to file quarterly reports indicating the status of his

state petition.

2. If Petitioner does not file a motion to reopen his case

or a declaration indicating he has filed a state court petition

within the above deadlines, his case shall be dismissed without

prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated:  November 7, 2014

CLAUDIA WILKEN
United States District Judge